IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WINIFRED KAY MCCARTY                                                                           PLAINTIFF

vs.                                             Civil No. 6:12-cv-06034

MICHAEL J. ASTRUE                                                                           DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Winifred Kay McCarty ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff filed her DIB and SSI applications on February 26, 2009.  (Tr. 13, 108-119). Plaintiff alleges being disabled due to the following: "Liver failure and hepatitus [hepatitis] C and depression." (Tr. 139).  Plaintiff claims her impairments cause her to have "fatigue from medication [which causes] . . . flu-like symptoms." (Tr. 139).  Plaintiff alleges an onset date of April 15, 2008.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

(Tr. 13, 110, 117). These applications were denied initially and again upon reconsideration. (Tr. 54-57). Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 73-74, 78-83). Plaintiff's administrative hearing was held on March 2, 2010 in Hot Springs, Arkansas. (Tr. 28-53). Plaintiff was present and was represented by Donald Pullen at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") David Elmore testified at the hearing in this matter. *Id.* At this hearing, Plaintiff testified she was forty-five (45) years old*, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c) (2008) (SSI). (Tr. 31)*. Plaintiff also testified she had obtained her GED and several different professional certifications (including an EMT certification and a real estate license). (Tr. 34).

On June 23, 2010, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 10-23). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2011. (Tr. 15, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 15, 2008, her alleged onset date. (Tr. 15, Finding 2). The ALJ determined Plaintiff had the following severe impairments: chronic hepatitis C virus and compensated cirrhosis. (Tr. 15-16, Finding 3). The ALJ determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 17, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 17-22, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a).

*Id.* Pursuant to 20 C.F.R. § 404.1567(a) (2012) (DIB) and 20 C.F.R. § 416.967(a) (2010) (SSI), "[s]edentary work" involves the following:

> (a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time with occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 22, Finding 6). The VE testified at the administrative hearing regarding this issue. (Tr. 51-52). Based upon that testimony, the ALJ determined Plaintiff's PRW in tour booking or marketing was performed at the sedentary, skilled level. (Tr. 22, Finding 6; 52). Considering her RFC, the ALJ determined Plaintiff retained the capacity to perform this PRW. (Tr. 22, Finding 6). Because Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability as defined by the Act from April 15, 2008 through the date of his decision or through June 23, 2010. (Tr. 22, Finding 7).

Thereafter, on August 20, 2010, Plaintiff requested the Appeal Council's review of the ALJ's unfavorable decision. (Tr. 8-9). On March 5, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 29, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8, 10. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

3

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff raises the following four argument for reversal: (A) the ALJ erred by finding her impairments did not meet the requirements of Listing 5.05; (B) the ALJ erred by failing to properly analyze her subjective complaints[2]; (C) the ALJ erred by failing to present a proper hypothetical to the VE; and (D) the ALJ erred by failing to fully and fairly develop the record and consider her for a closed period of disability. ECF No. 8. In response, Defendant argues substantial evidence supports the ALJ's finding that Plaintiff does not meet a Listing, substantial evidence supports the ALJ's RFC determination, substantial evidence supports the ALJ's credibility finding, and substantial evidence supports the ALJ's PRW determination. ECF No. 10. The Court will address each of the arguments Plaintiff has raised.

---

[2] In her briefing, Plaintiff's argument header states the ALJ erred in discussing her "non-exertional limitations." ECF No. 8 at 1. Upon review, Plaintiff is actually claiming the ALJ erred in assessing her subjective complaints. Thus, this Court will only address Plaintiff's subjective complaints.

A.     **Listing 5.05**

Plaintiff claims her impairments meet the requirements of Listing 5.05 (Chronic Liver Disease). ECF No. 8. Listing 5.05 requires Plaintiff to demonstrate she meets the requirements of one of seven subsections (A to G). In the present action, Plaintiff's briefing does not reference which of the seven subsections of Listing 5.05 she meets. ECF No. 8 at 9-13. Instead, Plaintiff provides merely a list of her alleged impairments and claims she generally meets this Listing. *Id.* Plaintiff has the burden of demonstrating her impairments meet or equal the requirements of a Listing. *See Johnson v. Barnhart,* 390 F.3d 1067, 1070 (8th Cir. 2004). Because Plaintiff has not demonstrated *how* she meets the requirements of Listing 5.05, her claim on this issue should be dismissed. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" appellant's conclusory assertion that the ALJ failed to consider whether he met certain Listings where appellant provided no analysis of the relevant law or facts).

B.     **Subjective Complaints**

With her argument header, Plaintiff claims the ALJ erred in evaluating her non-exertional limitations. ECF No. 8 at 13-15. In raising this issue, however, Plaintiff actually claims the ALJ erred by improperly discounting her subjective complaints. ECF No. 8. Accordingly, the Court will address the issue of whether the ALJ properly assessed her subjective complaints.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979,

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with *Polaski* in evaluating Plaintiff's subjective complaints. (Tr. 17-22). After considering her medical records and subjective complaints, the ALJ

---

983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

noted several inconsistencies, including in the following: (1) she alleged very limited daily activities at the administrative hearing in this matter but on her March of 2009 function report, she stated she could perform a wide variety of daily activities; (2) she alleged at the administrative hearing in this matter in March of 2010 that she was restricted to lifting three pounds but reported in her March of 2009 function report that she could lift ten pounds "as per doctors orders"; (3) the treatment of her liver appeared to be generally successful in controlling her symptoms; (4) there were "significant gaps" in her history of treatment; and (5) her treating physicians had not placed any occupational restrictions on her. (Tr. 17-22). Based upon these findings, the ALJ determined Plaintiff's subjective complaints were not entirely credible. *Id.*

Plaintiff claims the ALJ was incorrect in making these five findings. ECF No. 8. First, Plaintiff references but does not dispute the ALJ's finding regarding her daily activities. ECF No. 8 at 2. Thus, it appears the ALJ was correct in this finding. Second, in her briefing, Plaintiff provides an explanation for why she stated she was restricted to lifting ten pounds in her March of 2009 report and only three pounds at the March of 2010 administrative hearing. ECF No. 8 at 2. She claims she was restricted to lifting three pounds *after* she completed the March of 2009 function report but before the March of 2010 administrative hearing. *Id.* Thus, her March of 2009 function report states a restriction of ten pounds while her administrative hearing testimony in March of 2010 states a restriction of three pounds. *Id.*

This is simply incorrect. At the administrative hearing in this matter, Plaintiff reported that she was restricted to lifting only three pounds *"right after I went on treatment."* (Tr. 39) (emphasis added). According to Plaintiff's medical records, she "went on treatment" on January 21, 2009 and would have been advised "right after" that time to restrict her lifting. (Tr. 390). Most likely, this

8

would have been before March of 2009.

Additionally, it is also worth noting that apart from Plaintiff's bare claim, there is no evidence Plaintiff was ever even given any lifting restrictions. The Court reviewed Plaintiff's medical records in detail and finds no notation restricting Plaintiff's ability to lift. Thus, based upon this evidence, the Court finds the ALJ was correct in providing this inconsistency as a basis for his determination that Plaintiff's subjective complaints were not entirely credible.

Third, Plaintiff does not dispute her liver treatment was effective. ECF No. 8 at 2-3. However, Plaintiff claims the side effects from that treatment caused her to be disabled. *Id.* Plaintiff did report side effects from her liver treatment during several appointments at University of Arkansas for Medical Sciences ("UAMS"). (Tr. 390, 396, 452, 473, 494, 500). However, those records never provide the actual severity of those side effects and whether they would cause her to be unable to work. Indeed, on one occasion, she reported "having fatigue, occasional HA [headaches], and SOB [shortness of breath] only when walking up stairs." (Tr. 396). Indeed, while these side effects may somewhat disrupt Plaintiff's lifestyle, there is no indication such reported side effects would render Plaintiff unable to perform sedentary work.

Fourth, Plaintiff disputes the ALJ's finding that there were "significant gaps" in her treatment. Based upon her medical records, Plaintiff began treatment for her liver in January of 2009 and was reportedly forced to stop treatment after an accident in August of 2009 when she injured her jaw and had her jaw wired shut. (Tr. 199-200, 390). She claims she was forced to stop treatment because she was unable to take her orally-administered medications with her jaw wired shut. (Tr. 199-200). However, as also noted by the ALJ, Plaintiff's wires were "cut and removed" in October of 2009 so she could have resumed treatment at that time, but she did not. (Tr. 21). In her briefing

and at the administrative hearing in this matter, Plaintiff gave an explanation for her apparent failure to seek follow-up treatment as soon as she was able in October of 2009. (Tr. 37, 44-45). She stated she attempted to continue treatment but could not do so because she had not undergone the necessary testing to resume treatment. *Id.*

However, upon closer examination, the Court finds Plaintiff was not as diligent in pursuing treatment as she has alleged. Indeed, in her briefing, Plaintiff cited to e-mail correspondence wherein she had contacted her doctor's office regarding her ability to continue treatment with her jaw wired shut. (Tr. 199-200). In that correspondence, Plaintiff apparently references an upcoming appointment when she states she can "tell you [nurse practitioner] when . . . I can get this off ***by this Wednesday***" or on August 26, 2009. (Tr. 199) (emphasis added). Plaintiff's medical records demonstrate she was scheduled for an appointment on August 26, 2009. (Tr. 506). Presumably, during this appointment, Plaintiff could have also pursued other avenues for continuing treatment and not be "forced" to stop treatment due to her jaw being wired shut. However, Plaintiff was a "no show" at this appointment. (Tr. 506).

Further, on January 25, 2010, Plaintiff did not undergo her required hepatitis C testing. (Tr. 509). Specifically, UAMS reported that "Pt did not get her HCV [hepatitis C] labs done. Tryed [Tried] to call pt but all number do not work except the home number. I left a message on the home number to please call to come back to do HCV lab asap. Per Lynn." (Tr. 509). Certainly these records give the ALJ a basis for finding Plaintiff did not seek a consistent course of treatment for her liver disease.

Fifth and finally, Plaintiff claims her treating nurse practitioner placed work restrictions her lifting ability. ECF No. 8 at 3-4. As noted above, there are no medical records to support that claim.

Interesting, her treating nurse practitioner repeatedly directed her "to exercise 30min per day to assist w/weight loss" while never mentioning such lifting restrictions. *See, e.g.,* Tr. 381. Accordingly, the Court finds the ALJ correctly discounted the credibility of Plaintiff's subjective complaints for this reason as well. Further, based upon this review, because the ALJ gave "good reasons" for discounting Plaintiff's subjective complaints, the ALJ's credibility determination is entitled to deference. *See Renstrom v. Astrue,* 680 F.3d 1057, 1067 (8th Cir. 2012) (holding "[b]ecause the ALJ gave good reasons for discounting Renstrom's credibility, we defer to the ALJ's credibility findings").

### C. Vocational Expert

Plaintiff claims the ALJ erred by failing to present a hypothetical to the VE. ECF No. 8 at 15-16. Specifically, Plaintiff claims the "ALJ never presented the V.E. with a hypothetical that included the combination of Plaintiff's impairments." *Id.* Presumably, Plaintiff believes the VE should have been presented with a hypothetical at Step Five of the analysis wherein the VE is given a hypothetical question that includes all of the claimant's credible limitations.

However, this case was decided at Step Four of the analysis. At Step Four, no such hypothetical is required, and testimony from a VE is not required. *See Banks v. Massanari,* 258 F.3d 820, 827 (8th Cir. 2001) (holding "it is only when the claimant satisfies her burden of establishing that her nonexertional impairments prevent her from performing her past work and the burden shifts to the Commissioner that the testimony of a VE is required"). Accordingly, this Court finds Plaintiff's argument on this issue is without merit.

### D. Develop the Record/Closed Period

Plaintiff claims the ALJ also erred by failing to fully and fairly develop the record and erred

11

by failing to consider her for a closed period of disability. ECF No. 8 at 16-19. These are two separate issues. First, Plaintiff claims the ALJ erred by failing to develop the record. ECF No. 8 at 16-19. Plaintiff does not provide any argument specific to this issue in her briefing. *Id.* Based upon a review of the record, there are over five hundred pages included in the transcript, including the medical records from her treating physicians. Although the ALJ has a duty to develop the record, that record must only be "reasonably complete." *See Clark v. Shalala,* 28 F.3d 828, 831 (8th Cir. 1994). In the present action, there is no indication that the record is not "reasonably complete." Accordingly, the Court finds Plaintiff's argument on this issue is also without merit.

Second, Plaintiff argues she should have qualified for a closed period of disability. ECF No. 8 at 16-19. Based upon her briefing, it appears Plaintiff is arguing that the combination of her liver and jaw impairments cause her to be disabled. *Id.* However, even Plaintiff herself recognizes a closed period of disability requires a showing of disability for "twelve months." *Id.* As reflected in her briefing and medical records, Plaintiff did not begin treatment for her liver impairment until January of 2009 and her jaw was repaired in October 21, 2009. (Tr. 390, 534). Such a timeperiod is less than twelve months. Further, there is no indication Plaintiff was disabled prior to beginning her treatment in January of 2009. Indeed, during her appointment at UAMS on July 1, 2008, she did not report any disabling symptoms and only sought treatment because she had been diagnosed with hepatitis C. (Tr. 235). Further, during this appointment, she reported being able to work and was working in marketing. *Id.* Thus, the Court finds the ALJ did not err in not awarding Plaintiff a closed period of disability.

4.     **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

    **ENTERED this 8th day of February 2013.**

                                                          /s/   Barry A. Bryant  
                                                          HON. BARRY A. BRYANT  
                                                          U.S. MAGISTRATE JUDGE